UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LOI QUOC TRAN, #L7456                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 1:09-cv-812-LG-RHW

PRESTON GOFF, JR.                                                                        RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Loi Quoc Tran's December 21, 2009 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's request for federal habeas relief should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a three-count indictment returned July 30, 2001, Loi Quoc Tran and Dung Van Tran a/k/a Tony[1] were charged with burglary of a dwelling, armed robbery and aggravated assault. [5-3, pp. 19-20] The crimes all occurred during a January 31, 2001 incident when Tran and Tony forced their way into the home of Dung "David" Nguyen, with the intent to steal money they believed to be there. Only Mr. Nguyen's teenage daughter and five-year old son were at home when Tran and Tony arrived. Brandishing guns,[2] Tran and Tony forced their way inside, donned masks, bound the children with duct tape, and demanded money. Mr. Nguyen came home while this was occurring, and Tran and Tony fought with him, and ultimately shot Mr. Nguyen twice in the chest. Mr. Nguyen required surgery and a 28-day hospital stay for his

---

[1]Trial testimony indicates the two defendants are not related. For clarity, the Court will refer to the petitioner by his surname, and to Dung Van Tran by his nickname, "Tony."

[2]Tran and Tony testified that Tran never had a gun, but both testified Tran was wearing a green jacket at the time. Nguyen's daughter testified the individual in the green jacket held a gun pointed at her and her brother while the other individual searched the house for money.

injuries. Jewelry Mr. Nguyen was wearing at the time of the incident disappeared and was never recovered, although his car keys were found outside his home, and his assailants' car keys were found inside the Nguyen home. Police found Tran and Tony hiding in bushes a short distance from the Nguyen home and arrested them. Tony pled guilty to his charges. [5-6, p. 17] Tran went to trial.

On September 19, 2003, a jury convicted Tran of all three charges and the trial court sentenced him to serve twenty-five (25) years for the burglary to run concurrently with twenty (20) years for the aggravated assault, and consecutively with ten (10) years for the armed robbery, for a cumulative sentence of thirty-five (35) years imprisonment. On September 30, 2003, Tran's trial counsel filed an untimely motion for a new trial.[3] Tran filed a *pro se* motion on March 3, 2004 seeking appointment of new counsel to represent him on appeal, and he filed an appeal on April 9, 2004 more than six months after judgment was entered in his case.[4] The Mississippi Court of Appeals dismissed the appeal for lack of jurisdiction because it was untimely filed. *Tran v. State*, 915 So.2d 1129 (Miss. App. 2005). Tran then moved for leave to file for post conviction collateral relief, which the Supreme Court granted, allowing Tran to file an out of time appeal. In the appeal, Tran asserted the trial court erred in failing to dismiss his case for violation of his statutory right to speedy trial and in failing to allow him to argue his duress defense to the jury, that his trial counsel was ineffective and that cumulative errors prevented him from obtaining a fair trial. On July 28, 2008, the Mississippi Court of Appeals affirmed Tran's convictions and sentences. *Tran v. State*, 999 So.2d 415 (Miss. App. 2008), *rehearing denied* October 28, 2008, *cert. denied* January 22, 2009.

---

[3] Rule 10.5(6), Mississippi Uniform Rules of Circuit and County Court Practice requires that a motion for new trial be filed within ten days of the entry of the final judgment (September 19, 2003).

[4] Rule 4(a), Mississippi Rules of Appellate Procedure, requires that notice of appeal be filed within 30 days of the final judgment.

Tran again applied for leave to file a motion for post-conviction relief, urging for the first time that his cumulative sentence violated his due process rights; that the sentence should be reviewed under a proportionality analysis; and that convictions of armed robbery and aggravated assault arising from the same incident constituted double jeopardy. Tran also reiterated his prior claims of ineffective assistance of counsel and cited instances not previously presented which he claimed demonstrated his trial attorney's ineffectiveness. The Mississippi Supreme Court dismissed this second application for leave to file for post-conviction relief as a procedurally barred successive writ.

Having exhausted his state remedies, Tran filed the present action in this court, asserting six grounds for federal habeas relief: (i) a thirty-five (35) year sentence is a due process violation under the 5th and 14th Amendments when applied to a first-time felony offender following convictions of burglary of a dwelling, armed robbery and aggravated assault arising from a single incident; (ii) failure to review the sentence under a proportionality analysis constitutes a denial of due process in violation of the 5th, 6th, and 14th Amendments; (iii) it is double jeopardy, and therefore a violation of due process, to convict Tran of armed robbery with armed robbery as the underlying offense of aggravated assault; (iv) petitioner's counsel was ineffective; (v) the trial court's failure to consider Tran's motion to dismiss for violation of the right to a speedy trial violated his due process rights; and (vi) the State court failed to allow Tran to present his defense of duress to a jury. The State contends all of Tran's claims are either procedurally or meritoriously barred.

## LAW AND ANALYSIS

Grounds One, Two, Three and a portion of Ground Four were not presented to the Mississippi Supreme Court until Tran's second motion for leave to file for post-conviction relief,

which was held barred by that court as a successive writ under *Miss. Code Ann*. § 99-39-23(6). Procedural bars present difficult hurdles for federal habeas petitioners. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 2553-2554, 115 L. Ed.2d 640 (1991)). The Fifth Circuit has held the procedural bar of *Miss. Code Ann*. 99-39-23(6) is an independent and adequate state bar. *See, Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998); *Lott v. Hargett*, 80 F.3d 161, 164-165 (5th Cir. 1996). *See, also*, *Chancellor v. Mississippi*, 129 F.Appx. 878, 879 (5th Cir. 2005)("The procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706(1991).") Since Tran has shown no inconsistent or irregular application of the statutory bar by the State, these grounds are procedurally barred. Even were it otherwise, these grounds have no merit.

In Grounds One and Two, Tran asserts that since he was a first-time felony offender, his 35-year cumulative sentence violates his Constitutional due process rights and requires a proportionality analysis under *Towner v. State*, 837 So.2d 221(Miss. App. 2003). However, all Tran's sentences are within the statutory limits prescribed for his crimes. Burglary of a dwelling is punishable by a sentence of not less than three years nor more than twenty-five (25) years. *Miss. Code Ann*. § 97-17-23. Tran was sentenced to twenty-five (25) years on this conviction. Aggravated assault is punishable by a sentence of not more than one year in the county jail or not more than twenty (20) years in the penitentiary. *Miss. Code Ann*. § 97-3-7(2)(a). Tran was

sentenced to twenty (20) years for the aggravated assault. Armed robbery is punishable by a sentence of life if the jury so fixes it, or if the jury fails to impose a life sentence, by any term not less than three years imprisonment. *Miss. Code Ann.* § 97-3-79. The State waived the right to pursue a life sentence in this case, and the trial court sentenced Tran to serve ten years on the armed robbery conviction. The trial court has broad discretionary powers when making sentencing determinations, and the Fifth Circuit has refused to adopt a rule stating that imposing the maximum sentence constitutes cruel and unusual punishment, even when imposed upon a defendant without a serious prior criminal history, as is the case with Tran. *U.S. v Sanchez*, 508 F.2d 388, 398 (5th Cir., 1975). The United States Supreme Court has held that the principle of grossly disproportionate sentences is reserved for extraordinary cases. *See Lockyer v. Andrade*, 538 U.S. 63, 77, 123 S.Ct. 1166, 1175 (2003). Given the nature of the offenses and the maximum sentences available, the undersigned concludes that Tran has not demonstrated that his is such an extraordinary case. The record shows Tran was well aware of the potential sentences he faced before the trial began. [5-4, p. 7] This is a matter which could and should have been raised in Tran's first post-conviction motion, or at the least in the out of time appeal which the Mississippi Supreme Court granted him. In any event, Tran's sentences are all within the statutory limits for the crimes of which he was convicted, and they do not constitute a due process violation.

Ground Two asserts that the Court's failure to provide a *Towner* proportionality review constitutes a due process violation. *Towner v. State*, 837 So.2d 221 (Miss. Ct. App. 2003). "A court's proportionality analysis [of a sentence] under the Eighth Amendment[5] should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii)

---

[5]Although Tran claims no Eighth Amendment violation, the *Towner* case was analyzed under that standard.

the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 227 (quoting *Solem v. Helm*, 463 U.S. 277, 291, 103 S.Ct. 3001, 3010 (1983)).  The *Towner* Court found that relatively unique characteristics existed in that case because a first-time offender convicted of selling cocaine had been sentenced to serve thirty years, the maximum sentence allowed by law; the sentencing judge himself acknowledged he may have been too harsh; and the prosecutor had no objection to a re-sentencing hearing.  Tran's case is easily distinguished from *Towner*, and there is no reason to believe that Tran's claim would prevail under a proportionality review.  While Tran may have been a first-offender, his crimes – forcing his way into a home to steal money, binding children with duct tape and holding them at gunpoint while his cohort searched the house, fighting with the homeowner and shooting him twice and stealing his property – were significantly more serious, and there is no evidence that either the sentencing judge or the prosecutor had any second thoughts about the sentences imposed.  Tran has identified no "unique" circumstances in his case, nor has he demonstrated his sentences are unreasonable when compared to sentences of other offenders or those imposed in other jurisdictions for the crimes of which he was convicted.  The undersigned finds no merit in Tran's argument about his sentences, and is confident the Mississippi state courts would have found likewise had Tran properly presented that matter to the state court for review.

Ground Three asserts Tran's conviction of both armed robbery and aggravated assault arising from a single occurrence constitutes double jeopardy.  The United States Supreme Court standard for determining whether a sentence constitutes double jeopardy holds otherwise. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, (1932) provides the test for determining the constitutionality of charging a defendant with multiple offenses stemming from

a single transaction or occurrence. The test focuses on the elements of the separate charges brought – the Court must look at each statutory offense to determine whether or not each offense charged requires proof of a fact which the others do not. *Blockburger*, 284 U.S. at 304. If each offense requires proof of a fact that the others do not, each offense may be charged without violating double jeopardy, even though there may be a substantial overlap in the proof offered to establish the crimes. *Id*. *See also United States v. Parker*, 960 F.2d 498 (5th Cir. 1992). Armed robbery and aggravated assault require proof of separate and distinct elements. The facts which must be proved to establish armed robbery are felonious taking or attempting to take personal property from the person or from the presence of another and against his will, by violence to his person or by putting him in fear of immediate injury to his person by exhibition of a deadly weapon. *Miss. Code Ann.* § 97-3-79. Aggravated assault requires proof that the person charged attempted to cause serious bodily injury to another, or caused such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. *Miss. Code Ann.* § 97-3-7(2)(a). In short, shooting Mr. Nguyen "under circumstances manifesting extreme indifference to the value of human life" was not a necessary element of armed robbery, and attempting to take or taking his property was not a necessary element of aggravated assault. The undersigned finds no merit to Tran's double jeopardy claim.

In Ground Four Tran claims his trial counsel rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984) provides the standard for evaluating ineffective assistance claims: one may prevail on such claims only if counsel's conduct "so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Id*. at 686. *Strickland* provides a two-pronged test to prevail on a claim of ineffective assistance of trial counsel – one must show (1) constitutionally

deficient performance by his counsel *and* (2) actual prejudice resulting from the deficient performance. *Id.*, at 687. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). The former requires a showing that counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is "highly deferential," since it is easy to second guess an attorney's actions after they have proven unsuccessful. *Id.*, at 689. The petitioner must overcome a strong presumption that counsel acted reasonably under the circumstances and exercised reasonable professional judgment. *Id.*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986).

The second prong of the test is required because setting aside a verdict is not warranted if the error did not affect the outcome of the proceeding. *Strickland*, 466 U.S. at 691-92. "[I]t is not sufficient that a habeas petitioner merely alleges a deficiency on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition." *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988), *citing Hill v. Lockhart*, 474 U.S. 52, 59-61, 106 S.Ct. 366, 371 (1985). Tran was required to demonstrate that the result of the proceedings would have likely been different but for counsel's errors, *i.e.*, "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687). *See also, Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

Four of the instances Tran claims constitute ineffective assistance of counsel were presented to the state court only in his second post-conviction application, which was held barred as a successive writ. These claims are that his trial counsel (1) failed to summon/subpoena adequate witnesses; (2) failed to adequately investigate the case; (3) failed to object to the

indictment on double jeopardy grounds with respect to the charges of armed robbery and aggravated assault; and (4) failed to object to the 35-year cumulative sentence imposed. Tran has not identified what additional witnesses his trial counsel should have subpoenaed, so the Court has no basis for finding his trial result would likely have been different had such witnesses been called. The same is true of his claim of inadequate investigation – Tran provides no specific argument as to what additional investigation should have been done and what prejudice resulted because it was not done. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in this Court. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849. The Court has already addressed Tran's double jeopardy argument and his complaint about the length of his sentence, and found neither to have merit, thus ineffective assistance of trial counsel cannot be predicated upon them. Counsel cannot be held deficient for failing to raise meritless objections. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Tran has met neither of the prongs of the *Strickland* test as to these four instances of claimed ineffective assistance of counsel.

The remaining 49 instances of ineffective assistance alleged in Ground Four, as well as the matters presented in Grounds Five (violation of Mississippi statutory speedy trial) and Six (failing to allow Tran to present his duress defense to the jury) were all presented to the State Court on direct appeal and denied on the merits. As such, these grounds provide no basis for federal habeas relief under 28 U.S.C. § 2254(d)(1) and (2) unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Because Tran's claims present mixed questions of law and fact, they fall within subsection (d)(1). *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999). A state court decision is contrary to federal law if it reaches a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000). A state court decision involves an unreasonable application of federal law if it correctly identifies the governing principle, but applies the principle to the facts of the case in an objectively unreasonable manner. *Id.*, 529 U.S. at 409, 120 S.Ct. at 1521; *see also Ramdass v. Angelone*, 530 U.S. 156, 120 S.Ct. 2113 (2000).

Subsection (d)(2) applies if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in that court. The law presumes state courts reasonably determined the facts, and requires federal habeas petitioners to prove otherwise by clear and convincing evidence. *Miller v. Johnson*, 200 F.3d at 281. The undersigned finds Tran has not met this burden, and the state court's factual findings are reasonable. With respect to Tran's legal arguments, the undersigned finds the state court properly identified the *Strickland* standard applicable to the ineffective assistance claims which Tran properly presented to the state court. The state appellate court thoroughly discussed each of the six categories of alleged ineffective assistance in failing to object to certain testimony which Tran reiterates in the petition before this court. Tran complains of his trial attorney's failure to object to certain testimony during the trial. The record shows that in some of these instances, it is questionable whether a valid objection even existed; some are repetitive; in some, counsel *did* object, and in others the testimony involved was inconsequential. Respondent points out that the appellate court held at least two of the instances of which Tran complained were

procedurally barred because no authority was cited for the arguments he presented,[6] and that since Tran has made no showing that the state courts did not strictly or regularly apply that procedural bar, federal habeas relief is not available.  *See, Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991)(holding federal habeas courts estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner demonstrates cause for his default and actual prejudice).  The undersigned finds Tran has presented no basis for this Court to find his lawyer's conduct was anything other than counsel's trial strategy.  Tran has not shown any unreasonable application of *Strickland* to these claims.

In Ground Five Tran contends the state court failed to consider his motion to dismiss for violation of his right to a speedy trial.  The claim presented to the state appellate court asserted violation of his statutory right to be tried within 270 days of arraignment pursuant to *Miss. Code Ann.* § 99-17-1.  The record shows Tran waived arraignment August 10, 2001, but due to continuances was not tried until September 17, 2003.  He first raised his claim of a statutory speedy violation in a motion to dismiss filed September 17, 2003, the day his trial began.  In rejecting this claim on appeal, the Mississippi Court of Appeals noted that Mississippi law holds that one who fails to raise the right to trial within 270 days of arraignment "acquiesces to the delay. (citations omitted)."  *Tran*, 999 So.2d at 417.  Since this is the only speedy trial claim which Tran has exhausted, it is the only speedy trial claim properly before this Court on his habeas petition.  It is not the function of this Court to review error under state law, "a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved." *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th. Cir. 1981). "It is axiomatic that federal courts may intervene in the state judicial process only to

---

[6]*Tran v. State*, 999 So.2d at 419.

correct wrongs of constitutional dimension. (citations omitted)" *Wainwright v. Goode*, 464 U.S. 78, 83, 104 S.Ct. 378, 382 (1982). A "mere error of state law" is not a denial of due process. *Id*., 464 U.S. at 86; *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982). Tran has presented no basis for federal habeas relief in Ground Five.

In Ground Six Tran claims his due process rights were violated because he was not allowed to present his duress defense to the jury. The trial record belies this claim. Tran was allowed to present his duress defense through testimony, including his own, and in closing argument, and the trial court granted his requested jury instruction D-7 on the defense of duress. [5-3, p. 55] The appellate court considered and rejected this issue on the merits on direct appeal, and Tran has presented nothing to show the Court of Appeals decision was contrary to, or an unreasonable application of, clearly established federal law. The undersigned finds no merit in this ground.

## RECOMMENDATION

Based on the Petition, Respondent's answer, the record, and the relevant legal authority, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied, and the petition, dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District

Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 28th day of September, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE